ODOM, Judge.
 

 On September 15, 1939, Mrs. Richard Savoie, widow of Richard Savoie, and nine children, sole heirs of the said Richard Savoie, deceased, ruled Elson A. Delaune to show cause why he should not render an immediate account of his administration of the Succession of Richard Savoie, showing what disposition had been made by him of the assets, both movable and immovable, of said succession and the proceeds thereof which have accrued since the beginning of his administration.
 

 Elson A. Delaune filed an exception of no cause or right of action, the basis of his exception being that he is not administrator of said succession. The exception was sustained by the trial judge, and the rule was dismissed. The plaintiffs in rule prosecute this appeal.
 

 The argument of defendant in rule is that the Bank of Lockport & Trust Company,, and not Delaune, was appointed administrator of this succession, under the provisions of Paragraph 6, Section 1, Act 45 of 1902. That act provides that certain banks,, organized as therein provided, may be appointed administrators of successions.
 

 The record discloses that on January 22,, 1925, “Elson A. Delaune, herein acting for' and in the name of the Bank of Lockport & Trust Co.”, presented a petition to the-court, alleging that said bank “is the holder, for a valuable consideration, of a. note for One Hundred and Fifty Dollars. ($150.00), made and executed by Richard. Savoie * * *, that * * * said Richard Savoie, the maker of said note, departed this life on the 31st day of July,,. 1924”. It was further alleged that no-steps had been taken by the widow or heirs-of the sáid Richard Savoie for the appointment of an administrator to his succession and that it was necessary that am administration of said succession be had.
 

 And it is further alleged: “That Elsom A. Delaune, acting for and in the name of the Bank of Lockport and Trust Co.,
 
 is. willing and ready to accept the trust, if conferred upon him, and to qualify as administrator and administer said succession.”
 

 The prayer of the petition reads as follows : “Wherefore, annexing due proof of the death of the late Richard Savoie, the-said Elson A. Delaune, acting for and in. the name- of the Bank of Lockport and Trust Co., hereby makes
 
 his
 
 application to* be appointed as administrator of said succession; prays for an inventory to be tak*~
 
 *1005
 
 •en conformably to law, and that due notice, by publication, be made of .this,
 
 his
 
 application for appointment as administrator, .and, after the legal delays elapsed and due proceedings had, that
 
 he
 
 be named and appointed as such administrator, and upon
 
 his
 
 taking the oath and qualifying as such, letters of administration issue to
 
 him.”
 
 (Italics here and elsewhere in this opinion are the writer’s.)
 

 Notice of the application of “Elson A. Delaune, acting for and in the name of the Bank of Lockport and Trust Co.” was published according to law, and on due proof ■of the publication of that notice and proof that no opposition thereto was made, the clerk of court for Lafourche Parish signed an order on February 10, 1925, reading as follows: “Let the said Elson A. Delaune, acting for and in the name of the Bank of Lockport and Trust'Co., of said Parish and State, be, and
 
 he
 
 is hereby named and appointed administrator of the said succession, and upon
 
 his
 
 furnishing bond as required by law and taking the oath, let letters of administration issue to
 
 him.”
 

 The oath of office taken by the said Elson A. Delaune reads as follows:
 

 “I,
 
 Elson A. Delaune, acting for and in the name of the Bank of Lockport and Trust Company, of said Parish and State, do solemnly swear, that I will faithfully and to the best of
 
 my
 
 knowledge and ability discharge and perform all the duties imposed upon
 
 me
 
 in law as the administrator of the above entitled and numbered succession of Richard Savoie. So Help Me God.
 

 "(Signed) E. A. Delaune”.
 

 An inventory, descriptive and estimative, was made of .the property belonging to the succession. The property consisted of personal effects and some real estate, all appraised at $5,413.27. The bond filed by the administrator recites that, whereas “Elson A. Delaune, acting for and in the name of the Bank of Lockport and Trust Company, was appointed administrator of the above-entitled and numbered succession, now therefore if, as such, he shall faith-, fully, honestly and truly perform and dis^ charge all and singular the duties encumbent on
 
 him
 
 as administrator of said succession and render true account of
 
 his
 
 administration as required by law, and pay over under order of court all moneys that may come into
 
 his
 
 hands to whomsoever due and owing, then the foregoing obligation to be null and void, otherwise to remain in full force and effect”.
 

 The bond was signed by “E. A. Delaune, Principal”, and L. P. Caillouet, surety.
 

 The letters of administration-recite that, whereas by decree of the court “Elson A. Delaune, acting for and in the name of the Bank of Lockport and Trust Co.”, has been named and appointed as administrator of the above-entitled and numbered succession, “Now, therefore, know all men by these presents: that full faith and credit are due and must be given to all the legal acts and deeds of the said Elson A. Delaune
 
 in his capacity of Administrator
 
 in judicature and elsewhere.”
 

 The argument of counsel for Delaune, the defendant in rule, is that the above and foregoing documents and instruments copied in the.record, which is all we have
 
 *1007
 
 before us, show conclusively that Elson A. Delaune was not appointed administrator of the Succession of Savoie but that the Bank of Lockport and Trust Company was appointed.
 

 Even if we concede — and we do not— that there is merit in this argument, the facts are that Elson A. Delaune took certain steps in the administration of the Succession of Savoie which show conclusively that he considered that he, and not the bank, was administrator of the succession. On October 13, 1925, he presented a petition to the court, suggesting that certain property belonging to the succession should be sold in order to pay a debt due the Bank of Lockport and Trust Company. We here quote what we consider are pertinent portions of that petition: “The petition of Elson A. Delaune,
 
 Administrator of the Succession of the late Richard Savoie, now in due course of administration by appear-er as administrator, respectfully represents
 

 Then follow allegations setting out that the Bank of Lockport and Trust Company is the holder and owner of a certain mortgage note, made and subscribed by Richard Savoie, for the sum of $1,900, which note is past due; that the act of mortgage securing the payment of the note imports a confession of judgment in favor of the holder thereof; “That the Bank of Lock-port and Trust Company is demanding and pressing payment of the amount due it on said mortgage, and petitioner,
 
 in his capacity as Administrator of the Succession of the said Richard Savoie,
 
 believes that the demand of the said Bank is just and well founded, and that an order of sale to pay debts should issue herein directing your
 
 petitioner, in his capacity of Administrator, as aforesaid,
 
 to sell the tract of land * * described in said act of mortgage.”
 

 The petitioner, in his capacity of administrator, prayed that an order of sale to, pay debts issue in said succession, directing the sheriff to sell the mortgaged property and to pay the proceeds thereof, after paying costs, to the Bank of Lockport and Trust Company in satisfaction of its debt “as far as it may go”, and the balance, if any, “to remain in the hands of Administrator, to be accounted for in due course of further administration”.
 

 The judge signed an order of sale as prayed for. The property brought less than the amount of the debt due the bank,, so that there was nothing left in the hands of the administrator from this sale. But other property of the succession did go into his hands.
 

 If it had been thought by Delaune and his attorneys that the bank was administrator of the Succession of Savoie, it is reasonable to assume that the application to sell the property to pay debts would have been made by the bank and not by Delaune, or in any event the application to sell would have been made by “Elson A. Delaune, acting for and in the name of” the bank. But we note that the application to sell is' made by Elson A. Delaune, in his capacity as administrator of the said succession.
 

 This fact, and the further facts that the bond given by the administrator is signed by “E; A. Delaune, Principal”, and not by
 
 *1009
 
 the bank or by “Elson A. Delaune, acting for and in the name of” the bank, show to our satisfaction that Delaune and his attorneys considered that he was applying for the administration in his personal capacity.
 

 After considering all the documents, pleadings, and exhibits found in the record, our conclusion is that Elson A. Delaune applied to be appointed, and was appointed, administrator of this succession at the suggestion or request of the Bank of Lockport and Trust Company, and that it was never intended that the hank, as a corporation, should be appointed administrator.
 

 As a matter of fact, the bank was not appointed administrator of the succession, and apparently all parties concerned so understood, because the bank gave no bond. The bond was given by Delaune personally. He signed it as principal. Letters of administration issued to Delaune after the bond was filed. Article 1041 of the Revised Civil Code provides that, as soon as the inventory of a succession is finished, the judge of the place where the succession is opened “shall name an administrator to manage the property thereof, and oblige him to give good and sufficient security for the fidelity of his administration, * * *. If the person appointed administrator shall suffer ten days to elapse after his appointment, without furnishing the security required, the judge shall forthwith and -ex officio appoint a successor, as if no such administrator had been appointed”.
 

 In this case the order appointing the administrator required him to give bond according to law. As we have stated, Delaune, and not the bank, gave the bond.
 

 It was unquestionably contemplated that Delaune should file an accounting, because the bond signed by him as principal stipulated that, if “he shall faithfully, honestly and truly perform and discharge all and singular the duties encumbent on him as administrator of said'succession and render true account of said administration as required by law, and pay over under order of court all moneys that may come into his hands”, then the obligation will be null and void; otherwise it will remain in full force and effect.
 

 It is our opinion that Elson A. Delaune, and not the Bank of Lockport and Trust Company, was appointed administrator of the succession, and that he must render an accounting.
 

 For the reasons assigned, the judgment appealed from is reversed and set aside, the exception of no cause or right of action is overruled, and the case is remanded to the lower court to be proceeded with according to law and the views herein expressed ; the costs of this appeal to be paid by the appellee Delaune, all other costs to await final results.